IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUANELL DAVIS, *et al.,*

    Plaintiffs,

vs.                                                               Civ. No. 99-959 PJK/LCS

SANTA FE NATURAL TOBACCO COMPANY INC., *et al.,*

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER came before the Court on Defendant Santa Fe Natural Tobacco Company's ("Santa Fe's") motion to dismiss, (docket entry # 9), filed on September 9, 1999, and Plaintiffs' motion to remand, (docket entry # 13-1), filed on September 23, 1999.[1] The Court, having considered the pleadings, the memoranda submitted by the parties and the applicable law, proposes finding that Santa Fe's motion to dismiss is not well-taken as to Plaintiffs' fraudulent misrepresentation claim and recommends that it be denied in part. Because the Court recommends that part of that Motion be denied, it proposes finding that Plaintiff's motion to remand is well-taken and recommends that it be granted.

---

[1] In this District, magistrate judges have the duty to inquire into the Court's subject matter jurisdiction and the authority to remand cases if such jurisdiction is lacking. *See e.g. Haggard v. CCC Autobody et al.*, No. CIV 98-1038 LH/LCS (Oct. 23, 1998). Accordingly, they may decide motions to remand without consent of the parties and without obtaining a referral from the trial judge. However, in the present case, deciding the motion to remand requires deciding a motion to dismiss. Magistrate judges cannot decide motions to dismiss unless the parties consent. See D.N.M.L.R.Civ. 73.2(a). Instead, they may, upon referral of the trial judge, issue proposed findings and recommendations on dispositive motions. See 28 U.S.C. 636(b)(1)(B). The Motions to dismiss were referred to me by the trial judge. Rather than bifurcate the process, the Court chooses in the interest of judicial economy to issue a recommendation on both the motions to dismiss and the motion to remand.

1

Plaintiff Juanell Davis ("Davis") started smoking at age 17. She originally smoked cigarettes manufactured by Defendant R.J. Reynolds Tobacco Company ("R.J. Reynolds"), a New Jersey corporation with its principal place of business in New York. Sometime after 1985, she began smoking cigarettes manufactured by Santa Fe, a company incorporated in New Mexico with its principal place of business in New Mexico as well. Plaintiff claims that as a result of the cigarette manufacturers' advertising, she was persuaded that she did not need to quit smoking. Eventually, she developed lung cancer.

Plaintiffs originally sued R.J.Reynolds and Santa Fe in state court on theories of negligence, strict products liability, civil conspiracy, negligent and fraudulent misrepresentation and violations of the New Mexico Unfair Trade Practices Act. On August 23, 1999, the Defendants removed the case to federal court on the ground that the federal court had subject matter jurisdiction under 28 U.S.C. Sec. 1332 because the amount in controversy was over $75,000 and the Plaintiffs and Defendants were citizens of different States. On September 9, 1999, Defendant Santa Fe moved to dismiss all of the claims against it, and on September 14, 1999, R.J.Reynolds did likewise. On September 23, 1999, Plaintiffs moved to remand this case to state court on the ground that the Court lacked subject matter jurisdiction under 28 U.S.C. Sec. 1332 because Plaintiffs and Defendant Santa Fe were both citizens of New Mexico.

The Defendants responded that Defendant Santa Fe was fraudulently joined to defeat diversity jurisdiction, and that, since Plaintiff's claims against Santa Fe would not survive its motion to dismiss, the federal court would have subject matter jurisdiction under 28 U.S.C. Sec. 1332, because Plaintiffs and Defendant R.J.Reynolds were citizens of different states.

2

Ordinarily, before deciding motions to dismiss claims, a federal court must determine whether it has subject matter jurisdiction. *Ocuto Blacktop and Paving Co. v. Perry*, 942 F.Supp. 783, 786 (N.D.N.Y. 1996). However, if the court's subject matter jurisdiction depends upon the resolution of another motion or issue, the court has jurisdiction to decide that motion or issue, even if the resolution leads to a finding that the court lacks subject matter jurisdiction. *Fernando v. Rush Presbyterian-St. Luke's Medical Center,* 882 F.Supp. 119, 122 n.1 (N.D.Ill. 1995).

In the present case, the resolution of Plaintiffs' motion to remand depends upon the resolution of Santa Fe's motion to dismiss. If any claims against Santa Fe would survive its motion to dismiss, the Court would not have subject matter jurisdiction under 28 U.S.C. Sec. 1332, Plaintiffs' motion to remand would have to be granted, and this case would have to be remanded to state court. Accordingly, the Court will first consider Santa Fe's motion to dismiss; then it will consider Plaintiffs' motion to remand.

### I. Santa Fe's Motion to Dismiss

#### Proposed Findings

Santa Fe moved to dismiss all of the claims against it. It moved to dismiss the fraudulent misrepresentation claim on the ground that the allegations in the Plaintiffs' amended complaint did not meet the requirements of Fed.R.Civ.P. 9(b). This rule provides in relevant part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity..." The Tenth Circuit has held that "the purpose of 9(b) is to afford the defendant fair notice of plaintiff's claims and the factual ground on which they are based...Simply stated, a complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof..." *Schwartz v. Celestial*

*Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir. 1997). In addition, rule 9(b) must be read in conjunction with the rules requiring the general liberal construction of pleadings. *Id.*, *see also IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1058 (2d Cir. 1993), *cert. denied*, 513 U.S. 822 (1994).

Applying the rule to the allegations in the amended complaint, and liberally construing those allegations, Plaintiffs alleged that the time the representations were made to Davis was every time she read the cigarettes' packaging. The places the representations were made to her were at the stores where she read the packaging. The contents of the false representations were that Santa Fe's cigarettes were "natural" and "100% additive-free". The party making the representations was Santa Fe, and the consequences of the representations were that Davis bought and smoked its cigarettes, continued smoking instead of quitting, and developed lung cancer as a result. The Court proposes finding that the above allegations, though they could be more precise, do give Santa Fe fair notice of the fraud claims against it. Should Santa Fe desire further detail, it can obtain it through discovery. *See In re Sunrise Securities Litigation,* 793 F.Supp. 1306, 1313 (E.D. Pa. 1992).[2] Accordingly, the Court recommends that the motion to dismiss the fraudulent misrepresentation claims based on Fed.R.Civ.P. 9(b) be denied.

Santa Fe next moved to dismiss the fraudulent misrepresentation claim under Fed.R.Civ.P. 12(b)(6) on the ground that it did not state a claim for which relief could be granted, for two reasons.[3] First, it contended that the words "natural" and "100% additive-free" could not, as a

---

[2]For example, through interrogatories and otherwise Santa Fe could learn more precisely the times that Davis bought and smoked Santa Fe cigarettes and the stores in which she bought them.

[3]Although Defendants contend that the Federal Cigarette Labeling and Advertising Act preempts most of Plaintiffs' claims against Santa Fe, they do not contend that it preempts Plaintiffs' fraudulent misrepresentation claim.

4

matter of law, have led a reasonable person to believe that its cigarettes were safer than other brands. *Compare Gunsalus v. The Celotex Group,* 674 F.Supp. 1149, 1155 (E.D.Pa. 1987) (claims that its cigarettes were "mild" and that they "lessen throat irritation" were not representations by manufacturer that its cigarettes were safe). In their amended complaint, however, Plaintiffs alleged that Davis was so led and did so believe. On a Fed.R.Civ.P. 12 (b)(6) motion to dismiss, the court must accept all allegations in the complaint as true, and draw all inferences in favor of the plaintiff. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir. 1976). If the court finds that issues of fact exist, the motion should be denied. *American Home Assur. Co. v. Cessna Aircraft Co.*, 551 F.2d 804, 808 (10th Cir. 1977).

In the present case, particulary in light of the public's knowledge of the dangers of smoking, the Court could draw an inference that Davis was not a reasonable person. However, because a court must draw all inferences in favor of plaintiffs, the Court proposes finding that there is at this point a fact issue whether Davis' belief was reasonable. In my view, this matter is better resolved on a motion for summary judgment. Accordingly, Plaintiffs' fraudulent misrepresentation claim cannot be dismissed on that ground at this time.

Second, Santa Fe contended that the allegations fail to state a claim for which relief could be granted on common law fraud grounds because the statements it made were true. Santa Fe is correct that truth is a defense to common-law fraud. *See Poorbaugh v. Mullen*, 633 P.2d 706, 709 (N.M.App. 1981). However, Plaintiffs alleged in their amended complaint that the statements were false. Because for purposes of a rule 12(b)(6) motion a court is required to accept the

averments in a complaint as true, Santa Fe's Motion cannot be granted.[4] The Court therefore recommends that Santa Fe's motion to dismiss the Plaintiffs' fraudulent misrepresentation claim based on Fed.R.Civ.P. 12(b)(6) also be denied.

### Recommended Disposition

Because none of the arguments in Santa Fe's motion to dismiss is well-taken as to Plaintiffs' fraudulent misrepresentation claim, the Court recommends that Santa Fe's motion to dismiss be denied in part. The Court makes no recommendation on whether Santa Fe's Motion should be granted as to Plaintiffs' other claims. The Court also expresses no opinion about R.J.Reynolds' motions to dismiss.

## II. Plaintiff's Motion to Remand

### Proposed Findings

Defendants removed this case from state court on the ground that although the Complaint alleged state law claims, the federal court had subject matter jurisdiction because Plaintiffs and Defendants were citizens of different states. See 28 U.S.C. Secs. 1332 and 1441. Plaintiffs moved to remand the case to state court because both Plaintiffs and Defendant Santa Fe were citizens of New Mexico. Plaintiffs contend that the required diversity of citizenship did not exist in order to allow subject matter jurisdiction. See 28 U.S.C. Sec. 1447. Defendants responded that Santa Fe was fraudulently joined to defeat diversity jurisdiction. The joinder of a resident defendant against whom there is in fact no cause of action will not defeat diversity jurisdiction. *Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 n.* (10th Cir. 1983). Defendants

---

[4] At summary judgment the parties can produce evidence to establish if there is a genuine issue of fact whether Santa Fe cigarettes are in fact "natural" and "100% additive free", and whether Juanell Davis was reasonable in believing that Santa Fe's cigarettes were less harmful than other brands.

contended that all of the claims against Santa Fe should be dismissed, and that because there would in fact be no cause of action against Santa Fe, and because complete diversity did exist between Plaintiffs and Defendant R.J.Reynolds, the Court would have subject-matter jurisdiction over this case.

Since the Court recommends that Plaintiffs' fraudulent misrepresentation claim against Santa Fe not be dismissed, it proposes finding that there is in fact a cause of action against Santa Fe at this time. Accordingly, the Court proposes finding that Santa Fe was not fraudulently joined, and for now at least, complete diversity of citizenship is lacking in this case. The Court therefore proposes finding that it lacks subject-matter jurisdiction and that Plaintiffs' motion to remand is well-taken.

**Recommended Disposition**

The Court recommends that Plaintiff's motion to remand be granted and that this case be remanded to state court. Within ten days after the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFD") is entered, an aggrieved party may file written objections with the Clerk of the United States District Court for the District of New Mexico. A party must file its objections within ten days after the PFD is entered if the party wants review by either the District Court or the Court of Appeals; in the absence of timely filed objections, no review will be conducted.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE